UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| BALANCED BODY, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | File No. 1:10-cv-00292-jgm |
| : | |
| TEAGUE PILATES, INC., : | |
| : | |
| Defendant. : | |
| : | |

MEMORANDUM AND ORDER
(Doc. 5)

I.  Introduction

Plaintiff Balanced Body, Inc. ("Balanced Body" or "Plaintiff") brings this action for trademark and trade dress infringement, false designation of origin, unfair competition and false advertising against Teague Pilates, Inc. ("Teague Pilates" or "Defendant").  Defendant moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  (Doc. 5.)  For the reasons stated below, the Court finds it lacks personal jurisdiction over Defendant.

II.  Background

The following facts are assumed to be true for purposes of the pending motion. Balanced Body, a California corporation based in Sacramento, California, manufactures pilates equipment.  Since at least March 2006[1], Plaintiff has marketed the EXO pilates

---

[1] The complaint states: "At least as early as March 1, 2006, [Balanced Body] began marketing, distributing, offering for sale and selling its EXO Chair bearing the EXO Mark."  The Court notes, however, Balanced Body President Kenneth Endelman

chair, and since December 2008, it has held the Registered Trademark No. 3540232 for EXO.  (Doc. 1-1 at 2.) .

Defendant Teague Pilates is a California family-owned corporation, with its principal place of business in Agoura Hills, California.  The company manufactures and distributes pilates equipment with the help of four full-time employees.  (Doc. 5-1 at 1.)

Plaintiff alleges Defendant is infringing on its "EXO" trademark and trade dress by offering for sale a similar pilates chair marketed as the "XL" chair.  Plaintiff points to one sale of Defendant's XL (Extra Light) S-Chair to a Vermont resident, Barbara Wilkins.  (Doc. 6-2 at 1.)  Defendant states it has sold two pieces of equipment to Vermont customers in fifteen years, one of which was the XL S Chair sale noted by Plaintiff.  Defendant has sold fourteen XL S Chairs in total.  (Doc. 5-1 at 1-2.)  Defendant posits Ms. Wilkins' purchase was prompted by Plaintiff's desire to sue in this Court.  Id. at 4.  Indeed, the order was placed November 18, this action filed December 2, id. at 3, and the chair delivered December 22, 2010 (Doc. 6-2 at 2).  Plaintiff also alleges Defendant sends emails to Vermont residents who request them.  (Doc. 6 at 3.)

III.    Discussion

In considering a motion to dismiss on jurisdictional grounds under Rule 12(b)(2), the Plaintiff's factual allegations are assumed to be true for purposes of the motion.  Ball v. Metallurgic Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).  Plaintiff has the

---

avers Balanced Body introduced the EXO chair in 2007.  Compare Doc. 1 at 3 ¶ 10 with Doc. 6-1 at 1 ¶ 2.

burden of presenting to the Court sufficient allegations demonstrating contacts with the forum state such that it has jurisdiction over a defendant.  <u>Metro. Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 566 (2d Cir. 1996); <u>Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp.</u>, 921 F. Supp. 1206, 1209 (D. Vt. 1996).  At this juncture, the plaintiff "need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials."  <u>Ben & Jerry's</u>, 921 F. Supp. at 1209 (citation omitted).

To determine whether this Court has jurisdiction over Defendant, the Court must apply Vermont's long-arm statute which provides for jurisdiction over out-of-state defendants.  Ordinarily, a two-part analysis takes place involving a state's long-arm statute and its interaction with the due process clause.  The Vermont Supreme Court has held that a Vermont court may exercise jurisdiction over a defendant "to the full extent permitted by the Due Process Clause."  <u>N. Aircraft, Inc. v. Reed</u>, 572 A.2d 1382, 1385 (Vt. 1990).  "Thus, the Court can proceed to an application of the due process clause."  <u>Ben & Jerry's</u>, 921 F. Supp. at 1209.

Under the due process analysis, the Court makes a "minimum contacts" and a "reasonableness" inquiry.  <u>Metro. Life</u>, 84 F. 3d at 567.  In deciding the sufficiency of a defendant's contacts with the forum state, the key principle is the contacts have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (quoting <u>Hansen</u>

3

v. Denckla, 357 U.S. 235, 253 (1958)).  The minimum contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagon Corp. v. Woodsen, 444 U.S. 286, 297 (1980).  The exercise of personal jurisdiction can be either "specific" or "general" depending on whether the litigation "arises out of or relates to" at least one of the minimum contacts.  See Metro. Life, 84 F.3d at 568.  If the litigation is unrelated, the defendant must "maintain continuous and system[at]ic" contacts with the forum.  Id.

Even if minimum contacts exist, the Court must determine the assertion of personal jurisdiction does not offend "traditional notions of fair play and substantial justice," Burger King, 471 U.S. at 478 (citation omitted), i.e., that it is reasonable.  In making this determination, the Court must consider such factors as:  (1) the burden on the defendant in litigating in an out-of-state forum; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in securing convenient and effective relief; (4) the interstate judicial system's interest in obtaining convenient and effective relief; and (5) the shared interest of the states in furthering substantive social policies. World-Wide Volkswagon, 444 U.S. at 292-94.

Applying the framework to the facts as alleged in this action, the Court finds that although Teague Pilates has contacts with Vermont, those contacts are not sufficient to subject it to the Court's jurisdiction.  Defendant has made at least two sales to a Vermont resident and sends emails to potential Vermont customers.  These contacts, however, are not sufficient to support an exercise of general jurisdiction because they

do not meet "the more stringent 'continuous and system[at]ic' minimum contacts test." Dearwater v. Bond Mfg. Co., No. 1:06-cv-154, 2007 WL 2745321, at *5 (D. Vt. Sept. 19, 2007) (citing Metro. Life, 84 F.3d at 568). More problematic for Plaintiff is that this litigation does not arise out of these contacts.

Plaintiff cites Huey v. Bates, 375 A.2d 987 (Vt. 1977) in support of its argument that specific personal jurisdiction exists. (Doc. 6 at 5-7.) Plaintiff, however, fails to correctly apply the second "arising or growing out of" element of the specific jurisdiction test. That element "provides the requisite nexus between the defendant, the injuring agency, and the cause of action brought in the forum state." Id. at 990. Here, unlike in Huey, the causes of action -- trademark and trade dress infringement, false designation of origin, unfair competition and false advertising -- did not grow out of a specific business transaction engaged in within Vermont. Plaintiff's claims do not arise out of Defendant's isolated acts of two sales to Vermont customers -- including the sale of the allegedly infringing chair to Ms. Wilkins -- or its emails to Vermont residents. Plaintiff's claims are not sufficiently related to Defendant's contacts with Vermont. Accordingly, the requisite nexus has not been shown.

Nevertheless, even if Plaintiff's claims did arise out of Defendant's contacts, asserting personal jurisdiction over Defendant in this action would not comport with the due process requirements of the Fourteenth Amendment because maintenance of this suit in Vermont would offend "traditional notions of fair play and substantial justice." Burger King, 471 U.S. at 478 (citation omitted). First, the burden on Defendant

of litigating in an out-of-state forum would be high.  Vermont is on the opposite side of the United States from California and Teague Pilates is a very small, family owned business.  Second, though Defendant has minimum contacts with Vermont, Vermont does not have an interest in adjudicating disputes which concern solely out-of-state parties,[2] and conversely, California would have a high interest in adjudicating this dispute between its residents.  Lastly, California is the convenient forum for both parties and presumably any witnesses.  Vermont is no more convenient for Balanced Body than it is for Teague Pilates.  Considering "the relationship among the defendant, the forum, and the litigation," Chew v. Dietrick, 143 F.3d 24, 29 (2d Cir. 1998), clearly asserting personal jurisdiction over Defendant is not reasonable under the circumstances of this case.

---

[2] Defendant presciently points out the cases Plaintiff cite each involve at least one Vermont litigant.  See Doc. 7 at 1-2.  That is the crucial difference between this case and Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc., 977 F. Supp. 297 (D. Vt. 1997), also a trademark infringement action.  Tom and Sally's involved a Vermont corporation seeking to sue a Florida corporation in this district.  After finding sufficient minimum contacts, the court determined traditional notions of fair play and substantial justice were not offended by the exercise of jurisdiction primarily because "the burden of litigating in an out of state forum would be no more for the Defendant than it would be for Tom and Sally's if the litigation were in Florida."  Id. at 301.  Here, the burden of litigating in an out of state forum is the same for both Balanced Body and Teague Pilates as they are both California corporations.  The Court should decline to place a burden on either party by asserting personal jurisdiction over Defendant.

IV.   Conclusion

Because the Court lacks personal jurisdiction and for the reasons stated above, the Court grants Defendant Teague Pilates, Inc.'s Motion to Dismiss (Doc. 5).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of March, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge